```
                                                          FILED

                                                     17 AUG -1 PM 3:23

                                                     CLERK, U.S. DISTRICT COURT
                                                   SOUTHERN DISTRICT OF CALIFORNIA

                                                   BY:   AJS         DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DOUGLAS WILLIAM FLAUGHER, | Case No.: 3:17-cv-1501-BEN-WVG |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** |
| SAN DIEGO POLICE DEPARTMENT JON DOE, | |
| Defendant. | **2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; and** |
| | **3) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)** |

Plaintiff Douglas W. Flaugher, proceeding pro se, has filed a complaint, a motion to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel. For the reasons stated below, the Court grants the motion to proceed IFP, denies the motion for appointment of counsel, and dismisses Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**I.      Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. §1914(a). An action may proceed despite a plaintiff's failure to prepay the entire

fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff is unemployed and homeless. He claims to be mentally disabled and have only a 10th grade education. He receives $1,086.70 monthly in Social Security Disability and $160 in food stamps. He has no assets. He estimates monthly expenses of $1,000. Those expenses include $300 on food, $50 on clothing, $25 on laundry, $650 in medical and dental costs, $18 in transportation, $50 in recreation, $190 for two storage units and phone, and occasional motel rooms for $75 to $100 a night. (The Court notes that although Plaintiff estimates $1,000 a month in expenses, his enumerated costs total over $1,200). Based on the above, the Court finds that Plaintiff has sufficiently stated that he cannot afford to pay the filing fee. Therefore, Plaintiff's motion to proceed IFP is **GRANTED.** (ECF No. 3).

## II. Motion for Appointment of Counsel

Plaintiff also asks the Court to appoint counsel for him because he is indigent, mentally disabled, and cannot afford an attorney.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

///

At this time, the Court cannot say there is any likelihood of success on the merits. Moreover, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by plaintiffs representing themselves pro se. As to his argument that he cannot afford counsel, "[m]erely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel." *Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012). Plaintiff has failed to make this showing. Therefore, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Plaintiff's motion for appointment of counsel is **DENIED.** (ECF No. 2).

### III. Section 1915 Screening

#### A. Legal Standard

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

Plaintiff alleges that San Diego Police Department ("SDPD") Officer Jon Doe "attacked" and "attempted [to] murder" him during the seventh inning of a San Diego Padres baseball game at Petco Park in 2015. Although not entirely clear, it appears that Plaintiff was "attacked" by the officer while Plaintiff was resisting arrest. The officer "wrestled" Plaintiff to the ground and put him in a "choke hold," with his arm around Plaintiff's neck. Plaintiff contends that he was charged with resisting arrest and agreed to a plea agreement with three years of probation. He states that he submitted a complaint with the City of San Diego, but the City never responded to his complaint. He has tried to obtain evidence to support his claim, but has not been able to obtain such evidence "because of [a] local ordinance." He seeks to discover the officer(s) involved in the incident and for them to be disciplined and/or prosecuted. He also asks for $500,000 in damages for his pain and mental suffering.

Plaintiff fails to enumerate any specific claims, but the Court will construe his pleading liberally. Plaintiff claims an SDPD officer used excessive force while arresting him and that he pled guilty to resisting arrest. Resisting arrest is a crime under California

Penal Code § 148(a). Under California law, an essential element to establish a violation of § 148(a) is that the officer must be acting lawfully. *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (citing *People v. Curtis*, 70 Cal. 2d 347, 354-56 (1969)). The use of excessive force by the officer at the time of the arrest constitutes unlawful action. *Id.* Therefore, if a police officer uses excessive force to make an arrest, that arrest is unlawful and the arrestee cannot be convicted of violating § 148(a).

To the extent Plaintiff brings a damages claim under 42 U.S.C. § 1983 against SDPD officers for use of excessive force during arrest in violation of Plaintiff's Fourth Amendment rights, he may not pursue this claim in a § 1983 action without first showing his conviction has been invalidated. *See Heck v. Humphry*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Because Plaintiff seeks damages based on the use of excessive force during an arrest, his claim necessarily means that the officers acted unlawfully at the time of the arrest and that his conviction under § 148(a) was wrongful. Thus, his claim "necessarily impl[ies] the invalidity of" his conviction and is barred by *Heck* until Plaintiff can show that his conviction has been reversed, expunged, or otherwise declared invalid. *Id.* at 487.

Plaintiff may also be attempting to plead state law claims for assault and battery. However, the California Supreme Court has extended the *Heck* bar to state law claims arising from the same alleged misconduct. *Yount v. City of Sacramento*, 43 Cal. 4th 885,

5

3:17-cv-1501-BEN-WVG

902 (2008).

Moreover, the Court notes that Plaintiff's action may be untimely. The statute of limitations for § 1983 claims and state law claims for assault or battery is two years. Cal. Civ. P. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (explaining that § 1983 does not have its own statute of limitations and, instead, actions under § 1983 borrow the forum state's limitations period for personal injury actions). Plaintiff alleges that the conduct at issue occurred sometime in 2015, but he does not specify a particular date. Thus, should Plaintiff choose to amend his complaint, he must specify the date of the alleged misconduct to plausibly plead a timely claim.

For the reasons discussed above, Plaintiff's complaint must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Because Plaintiff is proceeding without counsel, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to amend it. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3);

2. **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 2);

3. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v.*

| | |
|---|---|
| 1 | *Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with |
| 2 | leave to amend which are not re-alleged in an amended pleading may be "considered |
| 3 | waived if not repled."). |

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 3/, 2017

Hon. Roger T. Benitez
United States District Judge